UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEREMY A. DAVIS, | ) | Case No. 2:20-cv-10895-SB (SP) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| ROBERT WERTHWEIN, et al. | ) | |
| Respondents. | ) | |

## I.
## INTRODUCTION

On November 30, 2020, petitioner Jeremy A. Davis, a Colorado state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("the Petition"). Petitioner was then awaiting trial on charges pending against him in Logan County, Colorado for possession of a weapon by a person previously convicted of a felony. Petitioner asserts the prior felony was his July 2011 conviction in Ventura County, California for oral copulation of an unconscious person (Cal. Penal Code § 288a(f)), for which he was sentenced to 300 days in custody plus lifelong

registration as a sex offender. Petitioner asks this Court to dismiss the charges pending against him in Colorado, and to reverse his 2011 California conviction.

On December 18, 2020, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed due to lack of jurisdiction and as time-barred, and required petitioner to respond by January 19, 2021. Petitioner never responded to the Court's December 18, 2020 OSC, and has not communicated with the Court since the filing of his Petition on November 30, 2020.

For the reasons that follow, the Petition will be summarily dismissed for lack of jurisdiction and as time-barred.

## II.

## BACKGROUND

On July 27, 2011, in Ventura County Superior Court, petitioner was convicted of one count of oral copulation of an unconscious person (Cal. Penal Code § 288a(f)). *See* Petition at 2-3, 11.[1] On January 13, 2012, the trial court sentenced petitioner to 300 days in custody plus lifelong registration as a sex offender. *Id.* at 11.

On March 9, 2012, Petitioner filed a direct appeal in the California Court of Appeal.[2] On May 15, 2013, the California Court of Appeal affirmed the trial court's judgment. Petitioner claims he did not appeal to the California Supreme Court, because his appellate attorney refused. *See* Petition at 5. But the Court's review of petitioner's case revealed that he filed a petition for review in the

---

[1] For ease of reference, the Court relies on CM/ECF page numbers in citing to the Petition.

[2] *See* California Court of Appeal Case No. B239808, available at https://appellatecases.courtinfo.ca.gov.

2

California Supreme Court on June 24, 2013, which was denied on July 31, 2013.[3]

On November 30, 2020, while awaiting trial on charges pending against him in Logan County, Colorado for possession of a weapon by a person previously convicted of a felony, petitioner filed the instant federal habeas Petition. Petitioner asks this Court to dismiss the pending charges against him in Colorado, and to reverse his 2011 California conviction. Petitioner raises the following grounds for relief: (1) ineffective assistance of counsel; (2) trial court's abuse of discretion; (3) petitioner's incompetence; and (4) cruel and unusual punishment.

On December 18, 2020, the Court issued an Order to Show Cause why the Petition should not be dismissed due to lack of jurisdiction and as time-barred. The court cautioned petitioner that failure to respond to the OSC by January 19, 2021 would result in a recommendation of dismissal of this action for lack of jurisdiction, as time-barred, for failure to prosecute, and/or for failure to obey court orders. Petitioner did not respond to the Court's OSC by the January 19, 2021 deadline, or at all.

### III.
### **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed for lack of jurisdiction and as time-barred.

---

[3] *See* California Supreme Court Case No. S211571, available at https://appellatecases.courtinfo.ca.gov.

A. **This Court Lacks Jurisdiction Over a Colorado Prisoner**

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (quoting 28 U.S.C. § 2241(a)). Under the plain language of the habeas statute, "the general rule . . . for core habeas petitions" like this one, in which it appears the petitioner is challenging his present (as opposed to some future) physical confinement, is that "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. This is because, in such cases, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent. . . . By definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 444.

Here, at the time he filed the Petition, petitioner was confined in a Colorado jail, awaiting trial on charges pending against him in Logan County, Colorado for possession of a weapon by a person previously convicted of a felony. Even if he is no longer, there is no indication petitioner is in custody in California. Quite clearly, this Court does not have territorial jurisdiction over petitioner's custodian, and therefore lacks jurisdiction to grant habeas relief in this case. *See* 28 U.S.C. § 2241(a).

Were this the only defect, the Court would simply transfer this case to Colorado. But given the Petition's numerous other substantial defects, only some of which are discussed here, transfer would be futile.

B. **The Court Lacks Jurisdiction Over Petitioner's Challenge to His California Conviction**

The primary relief petitioner seems to seek is the overturn of his California conviction, and the other relief he seeks – dismissal of the pending Colorado case – is premised on his California conviction being overturned. But neither this Court nor a Colorado court would have jurisdiction to grant such relief. This is

because petitioner is not in custody or under any other criminal sentence from this California case, as is required to obtain habeas relief from that conviction. *See* 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92.

Further, that sentence must impose some sort of restraint on the petitioner beyond those restraints shared by the public generally. *See Maleng*, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."); *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara Cnty.*, Cal., 411 U.S. 345, 351, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973) (petitioner released on own recognizance pending execution of jail sentence was "in custody" for habeas purposes because he was "subject to restraints 'not shared by the public generally,'" namely, he was obligated to appear at all times and places as ordered by any court and he was not free to come and go as he pleases) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963)). Being required to register as a sex offender is not a sufficient restraint for a petitioner to be considered "in custody." *See Munoz v. Smith*, 17 F.4th 1237, 1243-44 (9th Cir. 2021) (Ninth Circuit and other circuits have found "a range of post-release conditions imposed on sex offenders . . . did not place offenders 'in custody' under § 2254") (citations omitted); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (California's sex offender registration requirement "is merely a collateral consequence of conviction," and not the type of "restraint on physical liberty

5

necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief") (citations omitted).

Petitioner is under no sufficient restraint from his California conviction here. By petitioner's account, he received only 300 days of custodial time on his California conviction, in 2011 or 2012. That time would be long since served, and indeed he is not in custody in California. Nor is there any indication petitioner is on parole from his California conviction, or under any other restraint from that conviction that would qualify him to attack that conviction with a habeas petition. As noted above, being required to register as a sex offender is not sufficient. Because petitioner here is not presently facing any restraint on his freedom due to the California conviction, petitioner is not "in custody" on that conviction. As such, any court would lack jurisdiction to consider his Petition to the extent it attacks his California conviction. *See Maleng*, 490 U.S. at 490 ("in custody" requirement is jurisdictional).

## C. The Petition Is Time-Barred Under AEDPA's One-Year Statute of Limitations

Petitioner's ability to attack his California conviction in any court is also time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's

limitation period begins to run from the latest of four possible events:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the time allotted for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

    AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id*. In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 929, 934-35 (9th Cir. 2011) (en banc).

    Here, the Ventura County Superior Court entered judgment on January 13, 2012. Petitioner then filed an appeal, and the California Court of Appeal affirmed

the trial court's judgment on May 15, 2013. There is no indication that petitioner filed a petition for writ of certiorari from the U.S. Supreme Court after the California Supreme Court denied his petition for review on July 31, 2013. Petitioner's judgment therefore became final on October 29, 2013, ninety days after the California Supreme Court's decision. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner does not file a petition for writ of certiorari, his conviction becomes final ninety days after the California Supreme Court denies review); *see also* U.S. Supreme Court Rule 13.1.

Consequently, the last day for petitioner to have timely filed his federal habeas petition was October 29, 2014, one year after the judgment became final. The instant Petition filed on November 30, 2020 is clearly untimely, and must be dismissed as such.

### IV.
### **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered summarily dismissing the Petition and this action with prejudice.

DATED: June 24, 2022

_____
HONORABLE STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE